Todd *v.* Toll.

### Opinion delivered October 15, 1917.

SALES—COMPLETED TRANSACTION—TITLE—EXCHANGE OF CHATTELS.—A. agreed to sell an automobile to B. in exchange for a certain quantity of hay. The hay was stored in a barn on A.'s property. A. delivered the automobile to B., inspected the hay, and approved it as to quality. *Held,* under the agreement, that title to the hay passed to A., B. merely holding as bailee, and that A. could maintain against B. an action for the possession of the hay.

Appeal from Prairie Circuit Court, Southern District; *Thomas C. Trimble,* Judge; affirmed.

*C. B. & Cooper Thweatt,* for appellant.

The demurrer should have been sustained to the complaint, because the complaint and contract do not show title in appellant. No delivery of the hay is alleged or shown. The sale was not completed and title did not pass. 66 Ark. 138; 102 *Id.* 532; 31 *Id.* 137; 102 *Id.* 349; 35 *Id.* 304. The hay was never actually delivered, nor was there a constructive delivery. 35 Ark. 304; 63 *Id.* 232; 90 *Id.* 438; 102 *Id.* 25.

*Eugene Lankford,* for appellee.

1. No bill of exceptions was filed, and all defects in the complaint were cured by the evidence. 124 Ark. 389. The complaint alleged title and right to possession. 73 Ark. 593; 35 *Id.* 169.

2. There was delivery. 102 Ark. 532; 100 U. S. 124; 70 Ark. 105. The demurrer was properly overruled.

HART, J. The plaintiff, W. A. Toll, instituted this action against R. B. Todd to recover possession of sixty-four tons of prairie hay which was agreed to be worth $14.00 per ton, amounting in the aggregate to $896.00. The facts are as follows:

Toll and Todd entered into a written contract whereby the former exchanged with the latter an automobile for one hundred tons of good prairie hay. The agreement, among other things, contains the following:

"The said hay is now stored in the south end of the barn on southwest quarter, section 10, township 1 north, range 5 west, what is known as the F. T. Toll place; and now in case of any accident to the said hay by fire, lightning, or whatsoever cause, the said R. B. Todd hereby agrees to furnish and deliver the said amount of hay due on this contract or sale, from any other hay he may have—or cause to be put up until the one hundred tons has been delivered as above, which hay is to be good merchantable hay—all of which is to be delivered on cars at Tollville without any cost to the said W. A. Toll.

"The said W. A. Toll has inspected the hay now stored in the barn and do approve of same for quality."

The automobile was delivered to Todd. Todd let Toll have thirty-six tons of the hay and refused to let him have the balance; hence this suit. The case was tried before the court sitting as a jury and the judgment recites that it was submitted to the court upon the pleadings in the case, the contract and the oral agreement of the parties that the value of the hay was $896.00.

The court found for the plaintiff for the possession of the hay or its value in the sum of $896.00. The defendant has appealed.

The sole reliance of the defendant for a reversal of the judgment is that the court was not warranted in finding that there was a delivery of the hay by Todd to Toll and hence the latter was not entitled to maintain this suit. There were no rights of third persons in the action. The contract recites that the hay was stored in

the south end of a barn in the possession of Todd on F. T. Toll's place and that Toll had inspected the hay and approved it for quality. The agreement shows that it was understood by both parties that the title to the property should pass from Todd to Toll and that the former should hold it as bailee for the latter. The agreement contemplated that Todd should load it on the cars on or before May 1, 1916, at the request of Toll. The hay was exchanged for an automobile which had been delivered by Toll to Todd.

, Under such circumstances we are of the opinion that the court was warranted in finding from the contract that there was a legal delivery of the hay and that the actual possession thereof was only retained by Todd as bailee for Toll. Hence the sale was completed and the title to the property passed to Toll.

In *Chalmers & Son* v. *Bowen,* 112 Ark. 63, Chalmers & Son brought replevin against Bowen for thirty tons of mussel shells. On the part of the defendant it was shown that they went with the agent of the plaintiffs to the place on the river bank where the shells were piled and agreed to buy them delivered at that place for a stipulated price; that they began to weigh out the shells, but quit because there was so much mud mixed with them. They finally agreed that the shells should belong to the defendants, but that the plaintiffs should weigh them out when they got dry. The court held that under this testimony the jury might have found that the shells were delivered to the defendant. So here the court was warranted in finding under the contract that there was a delivery of the hay to the plaintiffs. See also *Elgin* v. *Barker,* 106 Ark. 482.

The judgment must be affirmed.